UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEFFREY MIKE MAZZONE &
LYNN MARIE MAZZONE,

Appellants,

-against- 1:25-CV-1492 (LEK)

NEW REZ & NEW REZ LLC d/b/a
SHELLPOINT MORTGAGE SERVICING
As servicer for MTGLQ INVESTORS LP,

Appellee.

---

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Appellants Jeffrey and Lynn Mazzone ("Appellants" or "Debtors") appeal an order from the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") denying their motion to disallow a claim and confirmation of the proposed Chapter 13 plan, granting relief from a stay, and dismissing the bankruptcy action. Dkt. No. 1 ("Notice of Appeal"); Dkt. No. 5-3 ("Bankruptcy Order"). For the following reasons, the Bankruptcy Court's decision is affirmed.

## II. BACKGROUND

The Court assumes familiarity with the factual and procedural background of the appeal but will briefly recite key details below. *See generally* Dkt. No. 5-2 ("Bankruptcy Docket"); Dkt. No. 5-7 ("Proof of Claim").

On November 20, 2006, Debtors executed a note in favor of Quicken Loans, Inc. ("Quicken Loans") in the principal amount of $172,000 plus interest, *see* Proof of Claim at 22–

26,[1] and a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERs"), as nominee for Quicken Loans, as to the property located at 100 Waterman Avenue, Colonie, NY 12205 (the "Property"), *see id.* at 27–50. MERs assigned the mortgage to CIT Bank, N.A. f/k/a OneWest Bank N.A. f/k/a OneWest Bank, FSB ("OneWest Bank") on April 12, 2011. *See id.* at 53. OneWest Bank then commenced a foreclosure action against Debtors on April 18, 2011 following Debtors' default, and was granted summary judgment, which was affirmed on appeal. *OneWest Bank, FSB v. Mazzone*, 2013 WL 5402436, at *1 (N.Y. Sup. Ct. Sep. 25, 2013); *OneWest Bank, F.S.B. v. Mazzone*, 130 A.D.3d 1399, 1401 (N.Y. App. Div. 2015). Further litigation ensued, including dismissal of the foreclosure action, vacating of the dismissal, and affirming of the vacating order. *OneWest Bank, F.S.B. v. Mazzone*, 186 A.D.3d 1815 (N.Y. App. Div. 2020). During this time, on September 20, 2019, OneWest Bank assigned the mortgage to MTGLQ Investors, L.P. ("MTGLQ" or "Appellee"). *See* Proof of Claim at 52. Ultimately, a judgment of foreclosure and sale was entered on July 19, 2022. *OneWest Bank F.S.B. v. Mazzone*, Index No. 902696-11, RJI No. 01-12-107784 (N.Y. Sup. Ct. Jan. 26, 2023).

Debtors subsequently filed for Chapter 13 Bankruptcy on November 14, 2023, staying the scheduled sale of the Property. Bankruptcy Docket at 2. On November 29, 2023, Debtors filed their first Chapter 13 plan ("First Plan"). *Id.* MTGLQ filed its opposition to the First Plan. *Id.* at 3.

Debtors filed an amended plan ("Amended Plan") on December 21, 2023. *Id.* While the Amended Plan was pending, MTGLQ filed a claim on January 23, 2024. Proof of Claim at 1. Debtors filed a motion to disallow the claim ("Motion to Disallow"), followed by opposition

[1] Page numbers in citations to the Proof of Claim refer to the PDF pagination.

from MTGLQ[2] and a reply from Debtors.[3] Bankruptcy Docket at 6–7. MTGLQ, along with the Chapter 13 Trustee, Andrea E. Celli, Esq ("Trustee"), objected to the Amended Plan, after which Debtors filed their second amended plan ("Second Amended Plan") on March 11, 2025. *Id.* at 4, 6. MTGLQ filed an objection to this plan as well, and Debtors filed their reply. *Id.* at 7. While the Second Amended Plan was pending, MTGLQ filed a motion seeking relief from the automatic stay ("Motion for Relief") on April 29, 2025. *Id.* at 8. Debtors filed their opposition, followed by an amended opposition. *Id.* at 10–11. The Court denied confirmation of the Second Amended Plan following hearings on May 8 and 9, 2025. *Id.* at 8–9.

Debtors then filed their third amended plan ("Plan") on May 29, 2025. *Id.* at 9. The day before, Trustee had filed a motion to dismiss the bankruptcy case for Debtors' "failure to confirm a Chapter 13 plan and failure to propose alternative plan ("Motion to Dismiss"). Bankruptcy Order at 3; Bankruptcy Docket at 9. Debtors filed their opposition to the Motion to Dismiss. Bankruptcy Docket at 9. As to confirmation of the Plan, MTGLQ filed an affidavit in support of its previous objection, the Trustee filed an objection, and Debtors filed replies to both. *Id.* at 10–11.

On June 26, 2025, the Bankruptcy Court held a hearing on the Motion to Disallow, Motion for Relief, confirmation of the Plan, and the Motion to Dismiss,[4] after which it placed all matters on reserve. Bankruptcy Order at 2–4; Bankruptcy Docket at 11. On August 1, 2025, the

---

[2] The opposition was filed by NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez"), but the Bankruptcy Court treated references to NewRez as if it were MTGLQ "[b]ecause NewRez's involvement in this case is limited to its role as servicer for MTGLQ." Bankruptcy Order at 2 n.2. The Court will likewise treat such references to NewRez as if it were MTGLQ.

[3] The Bankruptcy Court held initial hearings on the Motion to Disallow on May 8 and 9, 2025. *See* Bankruptcy Docket at 8–9.

[4] The Bankruptcy Court previously held hearings to discuss "MTGLQ's claim and the prospect of confirming a plan" on March 13, April 10, May 8, and May 9, 2025. Bankruptcy Order at 4; *see* Bankruptcy Docket at 7–9.

Bankruptcy Court denied the Motion to Disallow and confirmation of the Plan, and granted the Motion for Relief and the Motion to Dismiss. Bankruptcy Order at 13.

On October 27, 2025, Appellants filed their Notice of Appeal. *See* Notice of Appeal. Appellants filed their opening brief on March 12, 2026. *See* Dkt. No. 7 ("Appellants' Brief"). Appellee filed its brief on April 21, 2026. *See* Dkt. No. 8 ("Appellee's Brief"). Appellants filed their reply brief on May 27, 2026. *See* Dkt. No. 13 ("Reply").

## III. LEGAL STANDARD

"A federal district court enjoys jurisdiction to entertain appeals from 'final judgments, orders, and decrees' issued by a bankruptcy court sitting in the same judicial district." *Andersen v. U.S. Tr.*, No. 23-CV-957, 2024 WL 51277, at *1 (N.D.N.Y. Jan. 3, 2024) (quoting 28 U.S.C. § 158(a)). On appeal, a district court reviews a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *Cnty. of Clinton v. Warehouse at Van Buren St., Inc.*, No. 12-CV-1636, 2013 WL 2145656, at *1 (N.D.N.Y. May 15, 2013) (citing *R2 Invs., LDC v. Charter Commc'ns, Inc.*, 691 F.3d 476, 483 (2d Cir. 2012)). "A bankruptcy court's determination is 'clearly erroneous when, on consideration of the record as a whole, the court is left with the definite and firm conviction that a mistake has been committed.'" *Levine v. B & R Acquisition Partners, LLC*, 674 B.R. 838, 841 (N.D.N.Y. 2025) (quoting *Hilton v. Wells Fargo Bank, N.A.*, 539 B.R. 10, 15 (N.D.N.Y. 2015)). "The court reviews mixed questions of law and fact either de novo or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." *Hilton*, 539 B.R. at 15–16 (citation omitted).

"A bankruptcy court's discretionary decisions are reviewed for abuse of discretion." *In re Avianca Holdings S.A.*, No. 21-CV-10118, 2024 WL 4384219, at *4 (S.D.N.Y. Oct. 3, 2024). Such discretionary decisions include, among others, those granting relief from the automatic

stay, denying a stay pending appeal, and granting a motion to dismiss. *See In re Regan*, No. 21-CV-1231, 2022 WL 16744175, at *7 (N.D.N.Y. Nov. 7, 2022); *Stewart v. Fed. Nat'l Mortg. Ass'n*, No. 24-CV-00730, 2024 WL 5077510, at *2 (N.D.N.Y. Dec. 11, 2024); *In re Heredia*, No. 23-CV-403, 2024 WL 691331, at *4 (S.D.N.Y. Feb. 20, 2024). "The Bankruptcy Court 'necessarily abuse[s] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *In re Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010) (quoting *In re Highgate Equities, Ltd.*, 279 F.3d 148, 152 (2d Cir. 2002)).

## IV. DISCUSSION

### A. Motion to Disallow

Appellants argue that the Bankruptcy Court erred in denying the Motion to Disallow the claim because questions of fact remained as to the standing of MTGLQ to file a proof of claim. *See* Appellants' Brief at 5–7. Appellants acknowledge the presumption of validity for the claim but contend that they rebutted that presumption. *Id.* at 5. They also state that they have "demonstrated an entitlement to a hearing on whether MTGLQ had proper standing to assert the claim," and that such "lack of standing denies MTGLQ of the right to file a claim." *Id.* at 6.

Appellee, in turn, argues that the Bankruptcy Court correctly denied the Motion to Disallow because it established, and Appellants failed to negate, the prima facie validity of its claim. *See* Appellee's Brief at 12–20. Specifically, Appellee asserts that Appellants' only evidence for negating the presumption of validity is "an attorney affirmation from the underlying Foreclosure Action" in which a counsel initially claimed representation of OneWest Bank, followed by a corrected statement in which the counsel claimed representation of "MTGLQ Investors L.P. successor-in-interest to OneWest Bank F.S.B." *Id.* at 19–20.

Under the Federal Rules of Bankruptcy Procedure, "[a] proof of claim signed and filed in accordance with these rules is prima facie evidence of the claim's validity and amount." Fed. R. Bankr. P. 3001(f). "A claim . . . is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). "A party objecting to the proof of claim must only provide evidence sufficient to negate the *prima facie* validity of the claim by refuting one or more of the facts in the filed claim." *In re SVB Fin. Grp.*, 664 B.R. 543, 560 (Bankr. S.D.N.Y. 2024). Thereafter, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Id.* (citation omitted).

Appellants' arguments on standing largely appear centered around the contents of the initial attorney affirmation claiming representation of OneWest Bank and not MTGLQ. *See* Appellants' Brief at 5–7; Reply at 5. The Bankruptcy Court's examination of the record on this topic appears thorough and persuasive, finding that the initial affirmation was indeed an "erroneous statement." Bankruptcy Order at 5–8. Having reviewed the Bankruptcy Court's factual findings for clear error, the Court finds none. The Court also acknowledges Appellants' apparent history of conflicting filings on this subject regarding the standing of OneWest Bank and MTGLQ, and reiterates the warning of caution from the Bankruptcy Court. *Id.* at 8.

The Court therefore agrees with Appellee that Appellants failed to negate the prima facie validity of the claim. Accordingly, the Bankruptcy Court's decision to deny the Motion to Disallow is affirmed.

**B. Motion for Relief**

Next, Appellants argue that the Bankruptcy Court erred in granting the Motion for Relief from the automatic stay because questions of fact remained, including as to the standing of MTGLQ to motion for relief from the stay. *See* Appellants' Brief at 7–14. Appellants also argue

that the Bankruptcy Court "failed to consider the fundamental purpose of preserving the automatic stay." *Id.* at 7.

Appellee counters, arguing that the Bankruptcy Court correctly granted the Motion for Relief because Appellee established "cause" for stay relief and a lack of equity. *See* Appellee's Brief at 20–24 (citing 11 U.S.C § 362(d)).

"The filing of a bankruptcy petition generally triggers an automatic stay of any judicial proceeding or other act against the property of the debtor's estate that could have been commenced before the filing of the petition." *In re Regan*, 2022 WL 16744175, at *5 (quoting *In re Caires*, 624 B.R. 322, 327 (D. Conn. 2021)). However, relief from the stay may be granted pursuant to Section 362(d):

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

11 U.S.C § 362(d).

As discussed above, the Court is not persuaded by Appellants' arguments regarding MTGLQ's standing. *See supra* Part IV(A). As to relief from the automatic stay, the Bankruptcy Court found that cause existed to grant MTGLQ such relief, as Appellants' "failure to make mortgage payments" constituted a prime example of a "lack of adequate protection" under Section 362(d)(1). Bankruptcy Order at 8–9 (citing *Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502, 511

(E.D.N.Y. 2018); *In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008)). Furthermore, the Bankruptcy Court also found that relief from the stay was warranted under Section 362(d)(2), as Appellants' outstanding balance on its debt owed to MTGLQ was greater than the Property's value, and therefore Appellants lacked "any equity in the property and could not utilize same for an effective reorganization." *Id.* at 9.

Following review, the Court finds no abuse of discretion in the Bankruptcy Order granting Appellee's Motion for Relief from the automatic stay. Accordingly, the Bankruptcy Court's decision to grant the Motion for Relief is affirmed.

**C. The Proposed Third Amended Plan**

Appellants next argue that the Bankruptcy Court erred in denying confirmation of the Plan because the Plan was functionally unopposed. *See* Appellants' Brief at 14–19. Appellants also contend that the Plan "provided for adequate protection of claimant MTGLQ, space for determination of the state court claims and appeals, and an ultimate sale date for the property in the event that the resources were not available through the litigation or refinance." *Id.* at 14.

Appellee argues that the Bankruptcy Court correctly denied confirmation of the Plan because the Plan failed to comply with the applicable requirements of the Bankruptcy Code. *See* Appellee's Brief at 24–28. Appellee also maintains that it properly objected to the Plan, and that the Plan should not be treated as unopposed. *Id.* at 26.

"Section 1325 of the Bankruptcy Code states the requirements for confirmation of a plan in Chapter 13." *In re Daniel-Sanders*, 420 B.R. 102, 104 (Bankr. W.D.N.Y. 2009). A bankruptcy court should "confirm a plan only if the court finds, *inter alia*, that the plan complies with the 'applicable provisions' of the Code." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 (2010) (citing 11 U.S.C. § 1325(a)(1)). As to secured claims, a debtor seeking plan

confirmation must "(1) obtain the creditor's acceptance of the plan; (2) keep the collateral securing the claim and make payments equaling the present value of the claim; or (3) surrender the collateral securing the claim to the creditor." *In re Gonch*, 435 B.R. 857, 863 (Bankr. N.D.N.Y. 2010) (quoting *In re Ballard*, 526 F.3d 634, 637 (10th Cir. 2008)); *see* 11 U.S.C. § 1325(a)(5).

Regarding a creditor's acceptance of a plan, Section 1323(c) of the Bankruptcy Code provides:

> Any holder of a secured claim that has accepted or rejected the plan is deemed to have accepted or rejected, as the case may be, the plan as modified, unless the modification provides for a change in the rights of such holder from what such rights were under the plan before modification, and such holder changes such holder's previous acceptance or rejection.

11 U.S.C. § 1323(c). Here, as to the Plan, MTGLQ filed an affidavit in support of their previous objection to confirmation (having previously objected to the Second Amended Plan). Bankruptcy Docket at 10; Bankruptcy Order at 3. Even assuming that MTGLQ's affidavit fails to amount to formal opposition to the Plan, it clearly opposed earlier plans, and the Court is satisfied upon review that MTGLQ's opposition carried forward to the Plan under Section 1323(c). The Court thus finds that Appellants lacked creditor acceptance of the Plan and rejects Appellants' arguments that the Plan was "functionally unopposed." *See* Appellants' Brief at 14.

Given that the Plan was not accepted by MTGLQ, and Appellants did not propose surrendering its collateral to MTGLQ, the Bankruptcy Court analyzed whether the Plan satisfied the remaining option available for confirmation under Section 1325(a)(5). *See* Bankruptcy Order at 10. That is, whether Appellants kept the collateral securing the claim and made payments equaling the present value of the claim. *See In re Gonch*, 435 B.R. at 863. The Court agrees with the Bankruptcy Court in finding that the remaining option was not satisfied. *See* Bankruptcy

Order at 10; *In re Gonch*, 435 B.R. at 863; 11 U.S.C. § 1325(a)(5)(B). The Court finds no clear error following review of the Bankruptcy Court's factual findings on the secured value of the claim, the pre-petition arrears, MTGLQ's payment history on insurance and taxes, and Appellants' proposed payment plan and its feasibility. *See* Bankruptcy Order at 10–12. Therefore, the Court agrees that the Bankruptcy Court properly denied confirmation of Appellants' Plan due to failure to meet the requirements of Section 1325. *Id.* at 12.

Consequently, following its denial of confirmation of the Plan, the Bankruptcy Court dismissed Appellants' Chapter 13 case "for cause." *Id.* "Section 1307(c) permits a bankruptcy court to dismiss a case 'for cause,'" and "[a] debtor's unjustified failure to expeditiously accomplish any task required either to propose or to confirm a chapter 13 plan may constitute cause for dismissal." *In re Pecoraro*, No. 22-CV-7249, 2024 WL 1988904, at *3 (S.D.N.Y. May 6, 2024) (citations omitted); *see* 11 U.S.C. § 1307(c). The Court finds that the Bankruptcy Court properly exercised its discretion to dismiss the case, given the numerous unconfirmed plans filed by Appellants, and with the "prospect of confirmation [being] no closer than before." Bankruptcy Order at 12; *see In re Pecoraro*, 2024 WL 1988904, at *3 ("The Bankruptcy Court thus properly exercised its discretion when it dismissed [Appellant's] case for cause."). Accordingly, the Bankruptcy Court's decision to deny confirmation of the Plan and dismiss the case is affirmed.[5]

[5] The Court acknowledges that Appellants have theorized that the Bankruptcy Court took its position against plan confirmation "from the outset of this case" and was going to rule against Appellants "no matter what was presented." Appellants' Brief at 18. The Court advises Appellants to avoid accusing courts of predetermining outcomes and instead focus on crafting persuasive legal arguments.

**D. Continuation of Stay**

Finally, Appellants argue that the Bankruptcy Court erred in denying continuation of the stay because law and equity mandated such continuation. *See* Appellants' Brief at 19–20. Appellants claim that they would suffer irreparable injury through the loss of their Property, that they "did establish reasonable likelihood of prevailing had the matter been allowed to proceed to evidentiary hearing," and that Appellee would not be harmed by reinstating the stay. *Id.*

Appellee argues that the Bankruptcy Court correctly denied a stay pending appeal because Appellants would not suffer irreparable harm and failed to demonstrate a substantial possibility of success on appeal. *See* Appellee's Brief at 28–31. Furthermore, Appellee contends that it would suffer substantial injury from a stay, and the public interest weighed against continuation of a stay. *See id.*

"Federal Rule of Bankruptcy Procedure 8007 governs motions to stay pending appeal of bankruptcy court orders." *Stewart*, 2024 WL 5077510, at *2 (citing Fed. R. Bankr. P. 8007). "A Rule 8007 stay is 'extraordinary relief' and 'the burden on the movant . . . is a "heavy" one' that requires the satisfaction of a conjunctive four-factor test." *In re Regan*, 2022 WL 16744175, at *6 (quoting *In re Sabine Oil & Gas Corp.*, 551 B.R. 132, 142 (Bankr. S.D.N.Y. 2016)). The Second Circuit has provided the following four-factor test when weighing a motion for a stay pending appeal:

> (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected.

*Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 39 (2d Cir. 1993) (cleaned up).

As with the Bankruptcy Court's decision to grant relief from the stay, its decision not to grant a stay pending appeal is reviewed for abuse of discretion. *See Stewart*, 2024 WL 5077510, at *2. Having reviewed the factors for consideration in a motion for a stay pending appeal, and the level of "extraordinary relief" sought by Appellants, the Court does not find that the Bankruptcy Court abused its discretion in denying a stay pending appeal. *See In re Sabine Oil & Gas Corp.*, 551 B.R. at 142. Accordingly, the Bankruptcy Court's decision to deny continuation of the stay is affirmed.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Bankruptcy Court's Order is **AFFIRMED** and this appeal is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: October 19, 2026
Albany, New York

LAWRENCE E. KAHN
United States District Judge